41

## Tomlinson Estate

*Leo Francis Doyle,* for accountant.
*Herbert S. Riband, Jr.,* for First Pa. Bank N.A.
*Dennis Green,* for Commonwealth re inheritance tax.
*Charles E. Donohue,* for Commonwealth as parens patriae.

ADJUDICATION BY KLEIN, J., DECEMBER 5, 1980:

Gilbert E. Tomlinson died May 10, 1979, leaving a will dated February 26, 1979, which was admitted to probate May 24, 1979, when letters testamentary were granted. ***

In the account as filed the accountant requested credit for payment to First Pennsylvania Bank N.A., as agent for the executrix, of commissions on principal of $25,913.35 and on income of $5,238.61. These payments are in addition to commissions for the executrix of one-half of those for the bank. Because the designation of the payments to the bank as "commissions" suggested that it was acting in a fiduciary capacity, the audit was continued to permit all parties in interest to argue the legal issues raised by the payment of commissions to an agent retained by the executrix. At the continued audit the executrix and a trust officer of the bank testified concerning a "Compensation Agreement for Fiduciary Services" entered into by Dr. Pettyjohn and First Pennsylvania Bank N.A.

The form of agreement that was used is obviously designed for a case where the bank is to act not as agent but as executor and where the testator is a party to the agreement. Mr. Doyle, of course, recognized that Dr. Pettyjohn could not delegate to an agent her discretionary powers and duties as executrix. He maintained, however, that, despite the language used in the agreement and in the account, the bank performed only ministerial duties and that all discretionary decisions were specifically approved by Dr. Pettyjohn, so that the employment of First Pennsylvania Bank N.A. as agent was in

full compliance with the provisions of 20 Pa. C.S.A. §3321(c), which reads as follows:

> "(c) Corporate fiduciary as attorney-in-fact. —An individual personal representative may employ a bank and trust company or a trust company incorporated in the Commonwealth, or a national bank with trust powers having its principal office in the Commonwealth, to act as his attorney-in-fact in the performance of ministerial duties, including the safekeeping of estate assets, and such attorney-in-fact, when so acting, may be authorized to hold such investments in the name of its nominee to the same extent and subject to the same requirements that such attorney-in-fact, if it were the personal representative, would be authorized to hold such investments in the name of the nominee."

From the evidence at the hearing, I am satisfied that there has been no improper delegation of discretionary duties, that Dr. Pettyjohn was fully aware of her responsibility, and that she was zealous in assuring that she was consulted as to all matters involving discretionary decisions. Mr. Doyle submitted a letter dated October 30, 1980 which he received from George C. Laub, counsel for Lafayette College, the primary beneficiary of this estate, in which Mr. Laub relates that he had been kept informed of the progress of the estate throughout its administration, was aware of and agreed to the selection of First Pennsylvania Bank N.A. to act as agent, and that he is satisfied "the relationship between the executrix and the agent is exactly that which is envisioned by Section 3321 (c) of the PEF [20 Pa. C.S.A. §3321(c)]."

The only other party in interest is the Commonwealth of Pennsylvania as parens patriae for charities, and Mr. Donohue, who attended the hearing, filed a Charitable Gift Clearance Certificate indicating that his office had no objection to the payment of compensation to the First Pennsylvania Bank N.A. for its services as agent.

The accountant has filed an amended account in which the credits requested for payment to the bank are designated as compensation instead of as commissions, and, as so amended, the account will be confirmed. ***